UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PRESTON W. SONNIER**            **CASE NO. 2:20-CV-01269**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**NISSAN NORTH AMERICA INC. ET AL.**    **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court are Motions to Dismiss [docs. 9, 13] filed under Federal Rule of Civil Procedure 12(b)(6) by, respectively, defendants Nissan North America Inc. ("Nissan") and Autoliv ASP, Inc. ("Autoliv"). Plaintiff has not responded to the motion and his time for doing so has passed. Accordingly, the motion is regarded as unopposed.

### I.
### BACKGROUND

This suit arises from injuries that plaintiff sustained in a car accident on September 12, 2019. During the accident, he alleges, he was struck by another vehicle as it turned left. Doc. 6, att. 2, p. 10. The impact caused his vehicle to run off the road and into a ditch. *Id.* at 10–11. During both the first and second impacts, however, the side and steering wheel airbags of plaintiff's vehicle allegedly failed to deploy, causing him to sustain head and brain injuries. *Id.* at 11.

Plaintiff filed suit against several individuals in the 31st Judicial District Court, Jefferson Davis Parish, Louisiana. Doc. 6, att. 1, pp. 2–15. By a first supplemental and amending complaint, he narrowed the defendants to the manufacturer of his vehicle

(Nissan), the manufacturer of the airbags (Autoliv), and the dealership where he had purchased the vehicle (Giles Automotive, Inc.; "Giles"). There he raised claims against all defendants in negligence, breach of warranty, strict liability, and fraud, and under the Louisiana Unfair Trade Practices Act ("LUTPA"), Louisiana Revised Statute § 51:1405, and the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute § 9:2800.53. Doc. 6, att. 2, pp. 10–23.

Nissan and Autoliv now bring motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that the LPLA provides plaintiff's exclusive remedies against them and that all non-LPLA claims must be dismissed. Plaintiff has not responded to either motion and his time for doing so has passed. Accordingly, the motions are regarded as unopposed.

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough

facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. *Application*

The LPLA governs claims against a manufacturer accruing after September 1, 1988. *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 527 (5th Cir. 1995). The statute contains an exclusive remedies provision, limiting a plaintiff's theories of recovery against a manufacturer for an allegedly defective product to those established by the LPLA. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 261–62 (5th Cir. 2002). Accordingly, Louisiana law bars theories of liability and claims for damages against a manufacturer that are inconsistent with the LPLA. *See, e.g.*, *Grenier v. Med. Eng'g Corp.*, 99 F.Supp.2d 759, 763 (W.D. La. 2000), *aff'd*, 243 F.3d 200 (5th Cir. 2001).

Plaintiff has asserted several claims against Nissan and Autoliv, as manufacturers of the vehicle and the airbags, based on the airbags' alleged failure to deploy in an accident occurring in September 2019. The exclusive remedy for claims arising from such a defect is the LPLA. Accordingly, plaintiff's claims against these defendants in negligence, fraud, strict liability, breach of warranty, and under LUTPA are barred by the LPLA's exclusive remedy provision and must be dismissed for failure to state a claim on which relief may be granted.

### III.
#### CONCLUSION

For the reasons stated above, the Motions to Dismiss [docs. 9, 13] will be granted and all claims against Nissan and Autoliv except those arising under the Louisiana Products Liability Act will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 4th day of December, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**